O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-3231 PSG (SHx) | Date | July 8, 2009 |
|---|---|---|---|
| Title | Candace Moore v. Target Corporation | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Denying Defendant's Request to File Its Response and Accompanying Declarations Under Seal**

I.  Background

On March 3, 2009, Candace Moore ("Plaintiff") commenced this action in the Superior Court of the State of California in and for the County of Los Angeles. Subsequently, on May 7, 2009, Target Corporation ("Defendant") timely removed this action to this Court on the basis of diversity jurisdiction.

After reviewing the Notice of Removal, the Court concluded that the jurisdictional allegations were defective because Defendant failed to offer adequate facts to support the assertion that the principal place of business ("PPOB") stated in the notice was in fact Defendant's PPOB. Accordingly, on May 22, 2009, the Court issued an Order to Show Cause re Remand to State Court ("OSC"), in which it directed Defendant to show cause in writing no later than June 12, 2009, why this action should not be remanded for the reason noted above.

Defendant, on June 12, 2009, manually filed its response to the Court's OSC. Then, on June 19, 2009, Defendant filed an application to file its response under seal because, according to Defendant, its response contains trade secret information that it seeks to protect.

II. Legal Standard

Rule 26(c) of the Federal Rules of Civil Procedure provides that a trial court may grant a protective order "which justice requires to protect a party or person from annoyance,

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3231 PSG (SHx) | Date | July 8, 2009 |
|---|---|---|---|
| Title | Candace Moore v. Target Corporation | | |

embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The relevant standard for purposes of Rule 26(c) is whether "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) (alteration in original).

III.    Discussion

Defendant wishes to seal its Response and those documents attached to its Response. Specifically, Defendant wishes to seal information concerning its employee statistics, 2007 sales information, and current accounting of its fixed assets on a state-by-state basis. This information, according to Defendant, constitute a valuable trade secret and, if made known to Defendant's competition, could be used by the competition to focus their business attention on a state-by-state basis to Defendant's detriment.

As the Ninth Circuit noted in *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465 (9th Cir. 1992), in determining whether a protective order for trade secrets is appropriate, courts must balance conflicting interests:

> On the one hand, parties seeking discovery are entitled to all information "reasonably calculated to lead to the discovery of admissible evidence," Fed. R. Civ. P. 26(b)(1) - an intentionally broad mandate. On the other hand, responding parties are entitled to protection from "undue burden" in discovery, including protection from misuse of trade secrets by competitors. Fed. R. Civ. P. 26(c).

*Id.* at 1470. Thus, courts must employ "a balancing test" to best resolve protective order disputes such as the one here. *Id.* In this instance, the Court must balance the risk to Defendant of inadvertent disclosure of trade secrets to competitors against the risk to Plaintiff that protection of Defendant's trade secrets impairs prosecution of her claims. *See id.*

In its response, Defendant attempts to paint a picture wherein Plaintiff has no interest in this issue at all. In fact, Defendant goes so far as to argue that the "only entity that needs access to this information is this Court." But this is simply not true; Plaintiff undoubtedly has an interest in this matter. First and foremost, Plaintiff's choice of forum is entitled to deference. Often, where one litigates a case is a matter of utmost importance; it is not a simple decision made without care or reason. Thus, contrary to Defendant's arguments otherwise, this is not an

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3231 PSG (SHx) | Date | July 8, 2009 |
|---|---|---|---|
| Title | Candace Moore v. Target Corporation | | |

issue that Plaintiff will always concede.[1]  More importantly, for obvious reasons, Plaintiff has a definite interest in ensuring that her case is prosecuted in the proper forum (i.e., one that has subject matter jurisdiction over the case).

      Just as Defendant has done an insufficient job of demonstrating Plaintiff's absence of an interest in this matter, so too has Defendant done an insufficient job of demonstrating that it has much at risk if this information is disclosed to competitors.  Defendant's argument rests on a faulty premise, namely that it has not made this information known to the public in the form needed.  But this is not true.  Recently, this Court had occasion to analyze the statistics at issue here in another action in which Defendant was a party.  *See Diaz v. Target Corp.*, CV 09-3477 PSG (SSx) (Dkt. #24).  However, in that action, those statistics were not filed under seal and, consequently, are now part of the public record.  Thus, this is not a case in which by rejecting the application to file under seal, the Court will inject confidential information or trade secrets into the public domain.  No, that information is already there.  Therefore, it is unlikely that Defendant will suffer any further damage if this information is not filed under seal.

IV.    <u>Conclusion</u>

      Based on the foregoing, the Court finds that Defendant has not adequately demonstrated that it is proper to file its documents under seal.  Accordingly, the Court DENIES Defendant's request to do so.

      **IT IS SO ORDERED.**

---

[1]Indeed, the record belies Defendant's argument.  Days before Defendant filed its response, Plaintiff filed her own response to the OSC, arguing that the Court should remand the case.  Obviously, if Plaintiff did not care about this issue, she would not have filed that brief.